UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHELLY COOPER,                                          **REPORT AND RECOMMENDATION**

               Plaintiff,

                                                                          21-CV-01255(JLS)(JJM)

v.

VIKING ACQUISITIONS LLC,

               Defendant.
_____

        Plaintiff Shelly Cooper commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Texas Financial Code Ann §392, *et seq*. Complaint [1].[1] Before the court is plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. ("Rule") 55(b) [9], which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [10]. Having reviewed the motion, I recommend that it be granted in part and denied in part.

## BACKGROUND

        The Complaint focuses on alleged attempts made on or about December 10, 2020 by Viking Acquisitions LLC, a collection agency, to collect a consumer debt owed by plaintiff. The initial contact began with a call placed by defendant to plaintiff's brother, during which defendant's employee disclosed plaintiff's debt, demanded that plaintiff return the call, and threatened to take legal action against plaintiff. That same day, plaintiff returned the call to defendant, during which defendant's employee demanded immediate payment, threatened to take

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

legal action against plaintiff, and threatened to garnish her wages. Relying on these "empty threats", plaintiff made a payment to defendant in the amount of $141.81. The Complaint alleges that this conduct violated 15 U.S.C. §§1692b(2), e(2), e(4), 3(5), e(10) and (f), and Texas Financial Code §§392.304(a)(8), (19).[2]

After defendant was served with the Complaint and failed to appear, plaintiff obtained a Clerk's Entry of Default [7], and thereafter moved for a default judgment [9] in the amount of $7,558.31, comprised of $1,000.00 in statutory damages and $5,000.00 in noneconomic damages under the FDCPA, $141.81 in actual damages under the TDCA, and attorney's fees and costs of $1,416.50.

## DISCUSSION

### A.  Default Judgment: Liability

"A court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Construction, LLC, 779 F.3d 182, 187 (2d Cir. 2015). "The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as the same actions that are unlawful under the FDCPA are also unlawful under the TDCA." Paul v. Trans Union, LLC, 2021 WL 3503393, *8 (E.D. Tex.), adopted, 2021 WL 3487485 (E.D. Tex. 2021). As plaintiff sets forth in her motion ([9] at 2-3), the Complaint sufficiently states a claim for a violation of both the FDCP and TDCA.

---

[2]   The Complaint erroneously cites to §§392.304(9) and (19).

B.  **Default Judgment: Damages**

"While the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. Rather, a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Bricklayers Insurance & Welfare Fund v. Everest Masonry Construction, 2017 WL 4179853, *3 (E.D.N.Y.), adopted, 2017 WL 4217116 (E.D.N.Y. 2017). "The court has an independent obligation to assess requests for damages, which usually must be established by the plaintiff in an evidentiary hearing." Magi v. United Merchant Asset Recovery of WNY, LLC, *2 (W.D.N.Y. 2021) (Sinatra, J.).

However, no hearing is necessary if, "based upon a review of detailed affidavits and documentary evidence, the court is assured that there is an adequate basis for the damages sought". Bricklayers Insurance & Welfare Fund, 2017 WL 4179853 at *3. *See also* Magi, 2021 WL 2269478 at *2 ("[t]he Second Circuit has allowed damages determinations without a hearing where detailed affidavits and documentary evidence provide the court with a sufficient basis for assessing damages"). "All reasonable inferences from the evidence offered are drawn in the moving party's favor." Magi, 2021 WL 2269478 at *2.

1.  **FDCPA**

    a.  **Statutory Damages**

Under the FDCPA, the Court has discretion to award a plaintiff up to $1,000 in statutory damages. *See* 15 U.S.C. §1629k(a)(2)(A); Savino v. Computer Credit Inc., 164 F.3d 81, 86 (2d Cir. 1998). "In calculating an appropriate award of statutory damages, courts consider relevant factors such as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector. 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are

rare[,] and are typically granted only in cases where a defendant's violations are particularly egregious or intimidating." Flores v. RMA Recovery Group. LLP, 2021 WL 1572508, *4 (W.D.N.Y. 2021). Here, plaintiff seeks the maximum award, noting that the "violations were numerous", "egregious", and "clearly intentional". Plaintiff's Motion [9] at 5.

    Although the conduct here is troubling, I do not find it to be sufficiently egregious or intimidating to warrant a damages award of the statutory maximum. Instead, I find that an award of $500 is an appropriate amount of damages. *See* Randle v. AC Asset Services LLC, 2020 WL 5757187, *4 (W.D.N.Y. 2020) (awarding $500 in statutory damages where an unspecified number of harassing calls were made to the plaintiff and his family members, prompting "payments to the defendant when none were due"); Fajer v. Kaufman, Burns & Associates, 2011 WL 334311,*3 (W.D.N.Y. 2011) (awarding $500 in statutory damages where the defendant called the plaintiff "more than once, improperly communicat[ed] with a third party about [the plaintiff], call[ed] [the plaintiff] at her workplace despite being told not to call her there, ma[de] multiple false representations to [the plaintiff], and [sought] payment of an unauthorized amount"); Miller v. Hartfield Portfolio Group, LLC, 2019 WL 4929832, *3 (W.D.N.Y. 2019) (awarding $250 in statutory damages for "threatening voicemails and improper disclosure of information to a third party"); Estay v. Moren & Woods LLC, 2009 WL 5171881, *2 (W.D.N.Y. 2009) (awarding $250 in statutory damages where the plaintiff made "harassing telephone calls on more than [one] occasion", made "empty threats of litigation" and disclosed the "alleged debt information improperly to a third party"). *Compare with* Magi, 2021 WL 2269478 at *1 (awarding the statutory maximum where the "calls persisted for approximately a year and a half", including 10-15 calls per week for a three month period, during which the plaintiff "was threatened with lawsuits and process servers" and "told that her employer would

be contacted, as well as the 'local authorities'", prompting her to make payments on the debt that was beyond the statute of limitations).

### b. Actual Damages

"Under the FDCPA, a plaintiff may recover 'any actual damage' sustained as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1). Actual damages under the FDCPA includes both economic and emotional damages." Salazar v. Green Square Co., LLC, 2022 WL 1492577, *6 (D.N.M.), adopted, 2022 WL 1115271 (D.N.M. 2022). In support of her entitlement to actual damages, plaintiff states that defendant's conduct caused her "embarrassment" and resulted in a "lost sleep and anxiety for four months". Cooper Declaration [9-1], ¶¶5-6. She further states that she would not have paid defendant $141.81, "but for the misrepresentations made to me". Id., ¶6.

While plaintiff's motion seeks $5,000 in actual damages for emotional distress, the Complaint [1] expressly limits the actual damages sought to $141.81. Id., ¶37. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c). "The rationale for this rule is that defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." Trustees of Plumbers & Pipefitters National Pension Fund v. Daniel Weintraub & Associates., Inc., 2007 WL 4125453, *5 (E.D.N.Y. 2007). *See also* Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007) ("[b]y limiting damages to what is specified in the 'demand for judgment,' the rule ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and

then default without the need to hire a lawyer"). Therefore, I conclude that plaintiff is entitled to actual damages of $141.81, the amount sought in the Complaint.

### 2. TDCA

#### a. Actual Damages

"[T]he TDCA provides that a person may sue to recover 'actual damages' sustained as a result of its violation." Hinojosa v. Wells Fargo Bank, N.A., 2020 WL 12573277, *3 (S.D. Tex. 2020) (*citing* Texas Financial Code §392.403(a)(2)). The Complaint [1] seeks $141.81 in actual damages for the amount plaintiff paid to defendant on the debt. Id., ¶43. In support of her entitlement to this amount, plaintiff argues that defendant "should have reasonably known that their threats and misrepresentations would induce [her] to pay". Plaintiff's Motion [9] at 7. Although plaintiff does not include any bank records supporting the payment, she attests under penalty of perjury that a payment in that amount was made. *See* Cooper Declaration [9-1], ¶6. I conclude that this is sufficient to establish her entitlement to $141.81 in actual damages.

### 3. Attorney's Fees and Costs

"The FDCPA provides for the recovery of reasonable attorney's fees and costs for prevailing parties." Magi, 2021 WL 2269478 at *3 (*citing* 15 U.S.C. §1692k(a)(3)). The TDCA provides for the same relief. *See* Texas Financial Code §392.403(b). In support of her entitlement to $959.50 in attorney's fees and $457.00 in costs, plaintiff relies upon the contemporaneous billing records of her attorneys (Hilton Parker LLC and the Agruss Law Firm, LLC) [9-4], as well as the declarations of Jonathan Hilton, a partner with Hilton Parker LLC [9-

2] and Taylor Kosla, a partner with the Agruss Law Firm, LLC. These submissions record the following time expenditures and fees:

- -- Hilton: .3 hour at $300.00/hour;
- -- Agruss: .7 hour at $275.00/hour;
- -- Geoffrey Parker, a partner with Hilton Parker: 1 hour at $300.00/hour;
- -- Stella Moreno, a paralegal with Parker Hilton: 3.8 hours at $50.00/hour; and
- -- Amanda Maharg, a law student intern with Hilton Parker: 1.7 hours at $110.00/hour.

I find that both the rates sought (Flores, 2021 WL 1572508 at *6 (finding hourly rates of $300.00 for an experienced FDCPA attorney and $50.00 for a paralegal to be reasonable); Lepski v. Bayside Capital Services, LLC, 2020 WL 4192245, *4 (W.D.N.Y. 2020) (finding the "rate of $110.00 per hour for the work of law student interns to be appropriate")) and hours expended to be reasonable. Likewise, I find the costs incurred for filing the Complaint ($402.00) and service ($55.00) to be reasonable. Therefore, I recommend that plaintiff be awarded $1,416.50 in attorney's fees and costs.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion be granted to the extent that it seeks judgment in the amount of $2,200.12 (comprised of $500.00 in statutory damages under the FDCPA; $141.81 in actual damages under the FDCPA; $141.81 in actual damages under the TDCA; $959.50 in attorney's fees and $457.00 in costs), but otherwise be denied.

Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report and Recommendation must be filed with the clerk of this court by November 23,

2022. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

    The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 9, 2022

                      /s/ Jeremiah J. McCarthy
                      JEREMIAH J. MCCARTHY
                      United States Magistrate Judge